Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
THE AFTERGOOD LAW FIRM
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

Taylor T. Smith*
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

**pro hac vice to be filed*

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHANA PIERRE**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**IEC CORPORATION D/B/A INTERNATIONAL EDUCATION CORPORATION**, a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shana Pierre ("Pierre" or "Plaintiff") brings this Class Action Complaint ("Complaint") against Defendant IEC Corporation d/b/a International Education Corporation ("IEC" or "Defendant") to stop IEC's practice of placing unsolicited telephone calls and text messages to consumers who are registered on the National Do Not Call Registry and to obtain redress for all persons similarly injured by IEC's conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees. Plaintiff, for

1

her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Pierre is an individual who resides in Miami, Florida.

2. Defendant IEC Corporation is a Delaware corporation whose principal place of business is located at 16485 Laguna Canyon, Suite 300, Irvine, CA 92618.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or the "Act"), a federal statute. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

4. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in this District, Defendant resides in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

## COMMON ALLEGATIONS OF FACT

5. Defendant IEC is a corporation that offers post-secondary educational programs through a variety of education brands, including UEI College, United Education Institute, Florida Career College, and U.S. Colleges.

6. Unfortunately for consumers, in an attempt to promote its business and to generate leads for its educational programs, IEC conducted (and continues to conduct) a wide scale telemarketing campaign and repeatedly places unsolicited telephone calls and text messages to numbers which appear on the National Do Not Call Registry—all without securing prior express invitation or permission. Such

conduct violates the TCPA.

7. The TCPA and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.* prohibit companies and persons, such as IEC, from placing multiple, unsolicited telephone calls and text messages to persons who have listed their phone numbers on the national Do Not Call registry.

8. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, they also intentionally and repeatedly violated the TCPA.

9. The TCPA was enacted to protect consumers from unauthorized, unsolicited telephone calls exactly like those alleged in this Complaint—calls placed to numbers without prior express invitation or permission to persons who listed their phone numbers on the Do Not Call list.

10. By placing the unsolicited calls and text messages at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such telephone calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such telephone calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured the Plaintiff and class members by causing wear and tear on their phones.

11. At no time did Defendant obtain prior express invitation or permission from Plaintiff and the class members orally or in writing to receive telephone calls or text messages from Defendant.

12. Defendant was, and is, aware that telephone calls and text messages described herein were made to consumers like Plaintiff who have not consented to receive them.

13. To the extent any third party placed the telephone calls or sent the text messages, the third party acted on behalf of IEC at IEC's direction and control, for IEC's knowing benefit, with IEC's approval, and IEC ratified the placing of any such telephone calls or messages.

14. On behalf of the Class, Plaintiff seeks an injunction requiring IEC to cease all unauthorized telephone calling activities to persons registered on the Do Not Call list and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

### FACTS SPECIFIC TO PLAINTIFF

15. Plaintiff Pierre is the primary and customary user of the cellular telephone number ending in 1106. Pierre registered the telephone number ending in 1106 on the National Do Not Call Registry on June 14, 2021.

16. Plaintiff's cellular telephone number ending in 1106 is used for residential purposes and is not associated with a business.

17. On or around January 18, 2022, Plaintiff Pierre began receiving unsolicited telemarketing calls from IEC from the following numbers: (786) 534-0966, (786) 534-0970, (786) 534-0945, and (786) 534-0969.

18. All of the calls solicited Plaintiff to enroll in IEC's educational programs. Specifically, the calls solicited Plaintiff to enroll with Florida Career College.

19. Plaintiff also received at least one unsolicited text message from the number (786) 652-4227 on January 26, 2022. The text message also solicited Plaintiff to enroll in IEC's educational programs through Florida Career College.

20. At no time did Pierre ever consent to receive telephone calls or text messages from Defendant IEC.

21. In fact, Pierre expressly requested that IEC stop placing calls to her telephone number. Notwithstanding the requests, IEC continued calling and texting.

22. To redress these injuries, Pierre, on behalf of herself and the Class of

similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited telephone calls and text messages to cellular telephones registered on the National Do Not Call Registry. On behalf of the Class, Pierre seeks an injunction requiring IEC to cease all unauthorized telemarketing activities, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a nationwide Class defined as follows:

> **DNC Registry Class:** All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant IEC, or a third person acting on behalf of IEC, called or texted more than one time; (2) on his/her telephone; (3) within any 12-month period; (4) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (5) for the purpose of selling or promoting IEC's products or services; and (6) for whom IEC claims it obtained prior express invitation or permission in the same manner as IEC claims it supposedly obtained prior express invitation or permission to call Plaintiff, or for whom it did not obtain prior express invitation or permission.

24. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the

class definition following appropriate discovery.

25. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed unsolicited calls and text messages to thousands of consumers who fall into the defined Class. Members of the Class can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

26. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

27. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

28. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a)   Whether Defendant's conduct violated the TCPA;
   (b)   Whether IEC systematically placed unsolicited telephone calls and text messages to consumers whose telephone numbers were registered with the National Do Not Call Registry absent prior express invitation or permission;
   (c)   Whether any third party made the calls or sent the text messages and, if so, whether Defendant is liable for such calls;
   (d)   Whether the Plaintiff and the other members of the Class are

            entitled to statutory damages; and

            (e)    Whether Defendant acted willfully so as to require an award of treble damages.

29.    **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

30.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq***
**(On Behalf of Plaintiff and the DNC Registry Class)**

31.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. 47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

33. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." See 47 C.F.R. § 64.1200(c).

34. 47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

35. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following

minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call

request must be honored for 5 years from the time the request is made."

36. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers like the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

37. IEC and/or its agent(s) placed more than one unsolicited telephone call and/or text message to Pierre and the other members of the DNC Registry Class within a 12-month period without having prior express invitation or permission to place such calls.

38. Each such telephone call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

39. Pierre and the other members of the DNC Registry Class did not provide consent to receive such telemarketing calls from IEC or its agents.

40. Neither IEC nor its agents have any record of consent to place such telemarketing calls or messages to Plaintiff or the other members of the DNC Registry Class.

41. IEC violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be placed for telemarketing purposes to wireless telephone subscribers, such as Plaintiff and the members of the DNC Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a do not call policy and a list of persons who request not to receive telemarketing calls.

42. Additionally, on information and belief, IEC fails to have a written do not call policy that is available on request. On further information and belief, IEC fails to train its employees and personnel involved in telemarketing in the existence and use of its do not call policy or do not call list.

43. As a result of IEC's conduct as alleged herein, Pierre and the members of the DNC Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, inter alia, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

44. To the extent IEC's misconduct is determined to have been willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the members of the DNC Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class, and appointing their attorneys as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater, to be trebled where the calls and texts were knowingly or willfully sent, all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring Defendant's telephone calls, as set out above, violate the TCPA;

D. An injunction requiring IEC to stop placing calls to consumer registered on the National Do Not Call Registry absent prior express invitation or permission;

E. An award of pre-judgment interest;

F. An award of reasonable attorneys' fees and costs; and

G. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 6, 2022

SHANA PIERRE, individually and on behalf of all others similarly situated,

By: */s/ Aaron D. Aftergood*
One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
THE AFTERGOOD LAW FIRM
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

Taylor T. Smith*
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*pro hac vice application to be filed