UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01280-FWS-JDE                                   Date: March 14, 2023
Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                     Attorneys Present for Defendant:

  Not Present                                                              Not Present

**PROCEEDINGS: ORDER HOLDING IN ABEYANCE DEFENDANT'S MOTION TO COMPEL ARBITRATION [18]**

  Before the court is Defendant IEC Corp. d/b/a International Education Corporation's ("Defendant") Motion to Compel Plaintiff Shanna Pierre's Claims to Arbitration ("Motion" or "Mot."). (Dkt. 18.)  The Motion is supported by the declarations of Defendant's Affiliate Marketing Manager Kirsten Bohn; President and Founder of Adwire Media Mark Olson; Vice President of Marketing and Analytics of EducationDynamics, LLC Gennifer Bostwick; and Defendant's counsel Shannon Z. Peterson, and the exhibits attached thereto.  (Dkts. 18-2–18-14.)  Plaintiff opposes the Motion ("Opposition" or "Opp."). (Dkt. 23.)  Defendant also filed a Reply ("Reply"). (Dkt. 24.)  The court held oral argument on this matter on November 17, 2022, and then took the matter under submission.  (Dkt. 27.)  Based on the state of the record, as applied to the applicable law, the court **HOLDS IN ABEYANCE** the Motion pending a bench trial.

  **I.**  **Relevant Background**

  This action stems from Defendant's allegedly unauthorized and unsolicited phone calls to Plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (*See* Dkt. 1 ("Compl.") ¶¶ 31-44.)  According to the Complaint, Defendant is a Delaware

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01280-FWS-JDE                                        Date: March 14, 2023
Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation

corporation with its principal place of business in Irvine, California. (*Id.* ¶ 2.) Defendant offers post-secondary educational programs through a variety of "education brands," including UEI College, United Education, Florida Career College, and U.S. Colleges. (*Id.* ¶ 5.) Defendant also allegedly conducted "a wide scale telemarketing campaign" and "repeatedly place[d] unsolicited telephone calls and text messages" to numbers on the National Do Not Call Registry without prior express invitation or permission. (*Id.* ¶ 6.)

Defendant indicates it obtained Plaintiff's number from information submitted to "CollegeAllStar," a website owned and operated by Adwire Media. (Dkt. 18-9 ("Bohn Decl.") ¶¶ 7-8, 14; Dkt. 18-2 ("Olson Decl.") ¶ 1.) CollegeAllStar is a free online referral service for individuals interested in attending college. (Olson Decl. ¶ 2.) Prospective students visiting the CollegeAllStar website are prompted to provide background information including but not limited to their educational interests, location, and contact information. (*Id.* ¶¶ 2-3.) CollegeAllStar then uses the proffered information to match the prospective student with colleges and contracts with Education Dynamics, a lead generation company, to provide the matching colleges with prospective students' contact information. (*Id.* ¶¶ 1, 2-3; Dkt. 18-7 ("Bostwick Decl.") ¶¶ 1-5.)

On January 18, 2022, CollegeAllStar received a submission with Plaintiff's name and contact information. (Olson Decl. ¶¶ 5-14.) The January 18, 2022, submission indicated that the individual consented to be contacted by schools by checking two checkboxes adjacent to the following disclosures:

> By checking this box, I agree to be contacted by Adwire Media, 3rd party partners, and the schools I'm matched to on the following pages to contact me by telephone, which may include artificial or pre-recorded calls and/or SMS text messages, delivered via automated technology to the phone number that I have provided above regarding educational opportunities. I understand that my consent is not required to make a purchase or obtain services and that I may opt-out at any time.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01280-FWS-JDE                                 Date: March 14, 2023
Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation

> In order to proceed without providing consent, call 855-692-3947. By clicking below, I certify that I am over the age of 18 and agree to the website Privacy Policy, Terms and Conditions and Privacy Policy (CA).
>
> I acknowledge that, by clicking the checkbox as my official signature, I consent to representatives of Florida Career College, as well as, EducationDynamics, LLC, including its brand Education Network, contacting me about educational opportunities via email, text, or phone, including my mobile phone number(s), using an automatic dialer, or pre-recoded message.  Message and data rates may apply. I understand that my consent is not a requirement for enrollment, and I may withdraw my consent at any time.

(*Id.*)  Because the January 18, 2022, submission indicated both boxes had been checked, CollegeAllStar remitted this information to Defendant via EducationDynamics.  (Bohn Decl. ¶¶ 7-8, 14, Exhs. A-C; Bostwick Decl. ¶ 6.)

The words "Terms and Conditions" referenced in the first disclosure were hyperlinked to CollegeAllStar's Terms and Privacy Policy.  (Olson Decl. ¶ 10.)  The Terms and Privacy Policy contained the following arbitration provision, which provides, in pertinent part:

> Should a dispute arise concerning this Agreement, the terms and conditions of this Agreement or the breach of same by any party hereto: (a) the parties agree to submit their dispute for resolution by arbitration before a reputable arbitration organization as mutually agreed upon by the parties; and (b) you agree to first commence a formal dispute proceeding by completing and submitting an Initial Dispute Notice.  We may choose to provide you with a final written settlement offer after receiving your Initial Dispute Notice ("Final Settlement Offer").  If we provide you with a Final Settlement Offer and you do not accept it, or we cannot otherwise satisfactorily resolve your dispute and you wish to

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-01280-FWS-JDE | Date: March 14, 2023 |
| Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation | |

> proceed, you must submit your dispute for resolution by arbitration before a reputable arbitration organization as mutually agreed upon by the parties, in your county of residence, by filing a separate Demand for Arbitration. For claims of Ten Thousand Dollars ($10,000.00) or less, you can choose whether the arbitration proceeds in person, by telephone or based only on submissions. If the arbitrator awards you relief that is greater than our Final Settlement Offer, then we will pay all filing, administration and arbitrator fees associated with the arbitration and, if you retained an attorney to represent you in connection with the arbitration, we will reimburse any reasonable attorneys' fees that your attorney accrued for investigating, preparing and pursuing the claim in arbitration. Any award rendered shall be final and conclusive to the parties and a judgment thereon may be entered in any court of competent jurisdiction. . . .

(Olson Decl., Exh. D. at 3.) Defendant brings the Motion based on this arbitration provision.

### II.     Legal Standard

Under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. (the "FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the court answers both questions in the affirmative, it must 'enforce the arbitration agreement in accordance with its terms.'" *Johnson v. Walmart Inc.*, 57 F.4th 677, 680-81 (9th Cir. 2023) (quoting *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020)).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01280-FWS-JDE | Date: March 14, 2023 |
| Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation | |

Although "doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 743 (9th Cir. 2014) (quoting *Applied Energetics, Inc. v. NewOak Cap. Mkts., LLC*, 645 F.3d 522, 526 (2d Cir. 2011)). "The first principle of a court's arbitration decision is that arbitration is strictly a matter of consent and thus is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration." *Johnson*, 57 F.4th at 681 (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010)) (emphasis in original) (cleaned up); *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960) ("For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.").

In determining whether the parties have agreed to arbitrate, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). Thus, if "a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved." *Id.* at 672.

"To evaluate the validity of an arbitration agreement, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Cir. City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citation and internal quotation marks omitted). "A court may invalidate an arbitration agreement based on 'generally applicable contract defenses' like fraud or unconscionability, but not on legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1917 (2022) (quoting *Kindred Nursing Centers L. P. v. Clark*, 581 U.S. 246, 251 (2017)).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01280-FWS-JDE | Date: March 14, 2023 |
| Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation | |

### III.     Discussion

In this case, the parties dispute the existence of the arbitration agreement. Because the existence of a valid arbitration agreement is at issue, the FAA's presumption in favor of arbitrability does not apply. *See Johnson*, 57 F.4th at 681. Instead, the court applies "general state-law principles of contract interpretation to decide whether a contractual obligation to arbitrate exists." *Id.* at 682 (quoting *Goldman, Sachs & Co.*, 747 F.3d at 743). Defendant, "as the party seeking to compel arbitration, must prove the existence of a valid agreement by a preponderance of the evidence." *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019). The court first analyzes the applicable law and then addresses whether an agreement to arbitrate exists.

####      A.     Choice of Law

In federal question cases, such as this one, "federal common law choice-of-law rules apply." *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citing *Chuidian v. Philippine Nat'l Bank*, 976 F.2d 561, 564 (9th Cir. 1992); *Schoenberg v. Exporadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. 1991)). "Federal common law follows the approach outlined in the Restatement (Second) of Conflict of Laws." *Id.*

In this case, the parties agree California and Florida law are the relevant bodies of law. (*See* Mot. at 15-16; Opp. at 9-10; Reply at 8 n.4.) The parties further agree that California and Florida law do not conflict regarding online contract formation. (*See* Mot. at 15-16; Opp. at 9-10; Reply at 8 n.4.) Accordingly, because both California and Florida law dictate the same outcome, the court "need not decide which State's law governs" at this early juncture. *See, e.g.*, *Berman v. Freedom Fin. Network*, 30 F.4th 849, 855 (9th Cir. 2022) (declining to decide choice of law in TCPA case where "both California and New York law dictate the same outcome").

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01280-FWS-JDE                                    Date: March 14, 2023
Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation

___

### B.   Existence of an Arbitration Agreement

The parties principally dispute whether Plaintiff consented to the agreement.  (Mot. at 14-17; Opp. at 10-13.)  Under California or Florida law, "a contract cannot be formed without the parties' mutual assent to the essential terms of the agreement."  *Massage Envy Franchising, LLC v. Doe*, 339 So.3d 481, 484 (Fla. Dist. Ct. App. 2022); *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 991 (1972) ("[C]onsent to, or acceptance of, the arbitration provision [is] necessary to create an agreement to arbitrate.").  "Contract formation requires a manifestation of mutual assent, the existence of which is determined by an objective test."  *Vision Palm Springs, LLLP v. Michael Anthony Co.*, 272 So.3d 441, 444 (Fla. Dist. Ct. App. 2019) (citation and footnote omitted); *Long v. Provide Com., Inc.*, 245 Cal. App. 4th 855, 862 (2016) ("Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meanings of their words and acts, and not their unexpressed intentions or understandings.") (citation omitted).  "This requirement applies with equal force to arbitration provisions contained in contract purportedly formed over the Internet."  *Long*, 245 Cal. App. 4th at 862 (stating "the validity of [a] browsewrap agreement turns on whether the website puts a reasonably prudent person on inquiry notice"); *Massage Envy Franchising*, 339 So.3d at 484 (stating "[b]rowsewrap agreements are only enforced when the hyperlink to the terms and conditions is "conspicuous enough to put a reasonably prudent person on inquiry notice" and clickwrap agreements are "generally enforceable").

Additionally, in the case of an online agreement, courts must also consider whether: "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms."  *Berman*, 30 F.4th at 856 (citing *Meyer v. Uber Technologies, Inc.*, 868 F.3d 66, 75 (2d Cir. 2017); *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1173 (9th Cir. 2014)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01280-FWS-JDE                                              Date: March 14, 2023
Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation

However, "if a court 'concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel in abeyance until the factual issues have been resolved.'" *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831 (9th Cir. 2022) (quoting *Hansen*, 1 F.4th at 672); *see also* 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof."). "[T]he district court may decide the case in a bench trial if the party opposing arbitration does not demand a jury trial." *Hanson*, 1 F.4th at 672; see also 9 U.S.C. § 4 ("If no jury trial be demanded by the party alleged to be in default, . . . the court shall hear and determine such issue.").

Defendant argues it has proved the existence of a valid agreement to arbitrate by a preponderance by demonstrating that Plaintiff accessed the CollegeAllStar website, submitted her personal information, and indicated her consent to the arbitration agreement by checking the boxes. (Mot. at 7, 12.) In particular, Defendant points to the declaration of Mark Olson, President and Founder of Adwire Media, which indicates that Plaintiff accessed the CollegeAllStar website on January 18, 2022, using a device with an OS X operating system and Chrome internet browser from the IP address 73.107.27.148. (Olson Decl. ¶¶ 6, 14, Exh. C.) Mr. Olson's declaration also indicates that Plaintiff agreed to CollegeAllStar's terms and conditions and submitted the following information: her phone number; the type of phone number being submitted; her address; her email; her current level of education; her high school graduation year; her degree areas of interest; and when she would be available to start classes. (Olson Decl. ¶¶ 6-12, Exh. B.)

By contrast, Plaintiff submits an affidavit stating she has never visited the CollegeAllStar website, authorized anyone else to do so on her behalf, or otherwise consented to the arbitration agreement by accepting the website's terms. (Opp. at 11-13; Dkt. 23-1 ("Pierre Decl.") ¶ 2.) Plaintiff also avers she did not submit any information to the CollegeAllStar website and the information purportedly submitted to the website, including Plaintiff's high school graduation year, address, and current level of education, is inaccurate. (Pierre Decl. ¶¶ 3-9.) In addition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01280-FWS-JDE                                             Date: March 14, 2023
Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation

the declaration of Plaintiff's counsel also indicates that: (1) Plaintiff only owns one device capable of accessing the internet, a Samsung A02 cellphone, which does not use an OS X operating system; (2) the IP address in question came from a device near Cape Coral, Florida, more than 100 miles from where Plaintiff is located; and (3) the Google history on Plaintiff's cellphone for January 18, 2022, did not reveal any searches for Defendant, Florida Career College, Adwire Media, www.collegeallstar.com, education, or any related matter.[1]  (Dkt. 23-2 ("Taylor Decl.") ¶¶ 5-15.)

---

[1] Defendant objects to eight paragraphs of the declaration of Plaintiff's counsel based on "improper argument," "best evidence rule," "improper legal conclusion," "lack of foundation," inadmissible hearsay," "irrelevant," and "improper expert testimony."  (*See generally* Dkt. 24-1.)  The court does not address these evidentiary objections because "[a]t the summary judgment stage," the court "do[es] not focus on the admissibility of the evidence's form" but "instead focus[es] on the admissibility of its contents." *Fraser*, 342 F.3d at 1036 (citations omitted).  Accordingly, except in the rare instances in which the objecting party demonstrates with specificity that the subject evidence could not be produced in a proper format at trial, the court does not consider any objections on the grounds that the evidence "constitutes hearsay or inadmissible lay opinion, or that there is a lack [of] personal knowledge." *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019); *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 211 L. Ed. 2d 400 (Dec. 13, 2021) (objections for foundation "provide[] no basis for excluding the evidence" where objecting party does not provide counterparty with "notice of the specific ground of objection and, consequently, what could be done to cure any defects").  Relatedly, objections based on a failure to comply with the technicalities of authentication requirements or the best evidence rule are inappropriate.  *See Adams v. Kraft*, 828 F. Supp. 2d 1090, 1108 n.5 (N.D. Cal. Oct. 25, 2011) ("On summary judgment, unauthenticated documents may be considered where it is apparent that they are capable of being reduced to admissible evidence at trial."); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (holding that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01280-FWS-JDE                                              Date: March 14, 2023
Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation

Given this record, the court finds "there are genuine dispute of material fact as to whether the parties formed an arbitration agreement." *Knapke*, 38 F.4th at 831; *see also Ferguson v. Countrywide Credit Indus., Inc.*, 2001 WL 867103, at *1 (C.D. Cal. Apr. 23, 2001) (finding "plaintiff has raised a genuine dispute regarding whether an arbitration agreement governs her claims and is therefore entitled to a trial of the issue" when plaintiff asserted she did not sign the purported agreement). Accordingly, the court "must proceed without delay to a trial on arbitrability and hold any motion to compel in abeyance until the factual issues have been resolved." *Knapke*, 38 F.4th at 831. Because Plaintiff requested a bench trial at oral argument and does not otherwise request a jury trial, (*see generally* Opp.), the court will preside over the arbitrability issue in a bench trial. *See* 9 U.S.C. § 4.

Finally, Defendant, in the alternative, requests limited discovery to determine whether Plaintiff consented to the website's terms and conditions, including the arbitration provision. (Mot. at 24-25; Reply at 7-8.) The court **GRANTS** both parties limited discovery pertaining only to whether Plaintiff consented to the arbitration agreement.

### IV.   Disposition

For the reasons stated above, the court **HOLDS IN ABEYANCE** the Motion pending resolution of the bench trial regarding whether the parties agreed to arbitrate. The court also **ORDERS** the parties to (1) meaningfully and thoroughly meet and confer; (2) file a joint report identifying a proposed timeline for limited discovery pertaining only to whether Plaintiff consented to the arbitration agreement; and (3) file a proposed bench trial schedule. The joint report and proposed trial schedule should be filed no later than **fourteen (14) days** after issuance of this Order. With the exception of the issue to be tried, all pending motions and

---

court was not precluded from considering declaration in awarding summary judgment even if declaration violated best evidence rule if the underlying facts would be admissible as evidence).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01280-FWS-JDE                          Date: March 14, 2023
Title: Shana Pierre v. IEC Corp. d/b/a International Education Corporation

other dates in this case are stayed until the question regarding whether the parties have agreed to arbitrate has been resolved.

      **IT IS SO ORDERED.**

                                                   Initials of Deputy Clerk: mku